106 F.3d 426
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MACK TRUCKS, INC., Appellant,
v.
Steven MAXFIELD, Appellee.
 No. 96-1208.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1997.
 
 Before ARCHER, Chief Judge, and SCHALL, and BRYSON, Circuit Judges.
 ARCHER, Chief Judge.
 
 DECISION
 
 1
 Mack Trucks, Inc. (Mack) appeals from a decision of the Trademark Trial and Appeal Board (Board) of the United States Patent and Trademark Office in Opposition No. 83,875, dismissing Mack's opposition to Steven Maxfield's (Maxfield) application for registration of the mark MIGHTY MAX for: custom built trucks in Class 12; repair services, conversions, customizing and rebuilding of new and used trucks in Class 37; and retail truck parts and accessory store services in Class 42. We affirm.
 
 DISCUSSION
 
 2
 The Board concluded that no likelihood of confusion exists between Maxfield's mark, MIGHTY MAX, and Mack's marks, MACK, MAXIDYNE, MAXITORQUE, MAXI-MISER, MAXI-BILT, MAXI-GLAS, DYNAMAX, REDIMAX, CENTRI-MAX, AERO-MAX, and QUICK-MAX.
 
 
 3
 The Board's conclusion regarding likelihood of confusion is a question of law which this court reviews de novo. Century 21 Real Estate Corp. v. Century Life of Am., 970 F.2d 874, 876, 23 USPQ2d 1698, 1700 (Fed.Cir.1992).
 
 
 4
 The Board reviewed the evidence of record pertaining to the relevant factors which under In re E.I. DuPont De Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A.1973), are to be considered in testing for likelihood of confusion under Section 2(d) of the Lanham Act, codified at 15 U.S.C. § 1052. The Board found that: (1) the goods and services of the parties are legally identical; (2) the MACK mark is a famous mark; (3) MIGHTY MAX and MACK, considered in their entireties, are distinguishable in sound, appearance, and connotation; and (4) no evidence of actual confusion between MIGHTY MAX and MACK exists, despite the fact that the marks have been contemporaneously used in the same geographic area for at least ten years.
 
 
 5
 The Board held that despite the identity of goods and services and the fame of the MACK mark, the differences between MIGHTY MAX and MACK in sound, appearance, and connotation preclude a likelihood of confusion. The Board also noted the absence of evidence of actual confusion between MIGHTY MAX and MACK.
 
 
 6
 We are unable to conclude that the Board legally erred in finding no likelihood of confusion between MIGHTY MAX and MACK. The fame of the MACK mark, of course, weighs heavily in favor of Mack, but that alone, even with an identity of goods and services, does not mandate a finding of likelihood of confusion. See University of Notre Dame Du Lac v. J.C. Gourmet Food Importers Co., 703 F.2d 1372, 1374, 217 USPQ 505, 507 (Fed.Cir.1983). All of the facts and circumstances, and particularly the DuPont factors must be considered. In the instant case, the Board found, and we agree, that there are significant differences between MIGHTY MAX and MACK in sound, appearance, and connotation. The Board correctly noted that the addition of "MIGHTY" seemed to further distinguish MAX from MACK. The overall appearance and sound of the two is therefore quite different. Moreover, there was a lack of evidence of any actual confusion, even though the marks had been used by the parties on the same line of products and services in the same geographic area for ten years. Under these circumstances, the absence of a showing of actual confusion supports the Board's holding of no likelihood of confusion. G.H. Mumm & Cie v. Desnoes & Geddes, Ltd., 917 F.2d 1292, 1295, 16 USPQ2d 1635, 1638 (Fed.Cir.1990). In spite of the fame of Mack's mark, we cannot say that the Board improperly weighed the factors or reached an erroneous legal conclusion.
 
 
 7
 The Board also compared MIGHTY MAX to each of Mack's MAXIDYNE, MAXITORQUE, MAXI-MISER, MAXI-BILT, MAXI-GLAS, DYNAMAX, REDIMAX, CENTRI-MAX, AERO-MAX, and QUICK-MAX marks (the MAX/MAXI marks), and concluded that there is no likelihood of confusion between MIGHTY MAX and the MAX/MAXI marks.
 
 
 8
 Again we must agree with the Board that no likelihood of confusion has been shown to exist between MIGHTY MAX and the MAX/MAXI marks. The MAX/MAXI marks were not found to be famous. Moreover, neither the MAX/MAXI marks nor any subset of the MAX/MAXI marks, were found to comprise a family of marks. The difference in appearance, sound, and connotation between MIGHTY MAX and each of the MAX/MAXI marks also supports the Board's holding of no likelihood of confusion between the marks.
 
 
 9
 We have considered all of Mack's arguments and are not persuaded that they merit overturning the Board's decision. Accordingly, we affirm.